JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Kevin Koller, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 {¶ 2} This case involves a drunk driver who accidentally killed one driver and injured the passengers. According to the case, on July 12, 2006, the Grand Jury indicted Koller on two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A); four counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a); two counts of vehicular assault in violation of R.C. 2903.08(A)(1)(a); two counts of vehicular assault in violation of R.C. 2903.08(A)(2)(b); and two counts of driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A).
 {¶ 3} On November 27, 2006, appellant entered a plea of guilty to one count of aggravated vehicular homicide, a second degree felony; two counts of aggravated vehicular assault, third degree felonies; two counts of vehicular assault, fourth degree felonies; and one count of driving under the influence, a first degree misdemeanor. The remaining counts against appellant were nolled as part of his plea agreement. Sentencing was scheduled for January in order to complete a presentence investigation and for appellant to receive medical care. *Page 3 
 {¶ 4} On January 19, 2007, appellant was sentenced to an aggregate sentence of 13 years of incarceration for the above offenses: eight years for the aggravated vehicular homicide; five years for the two aggravated vehicular assaults, sentences to be run concurrent to each other, but consecutive to the aggravated vehicular homicide sentence; 18 months for the two vehicular assault counts, to be run concurrent to the other sentences; and six months in the county jail for the DUI, to be served concurrently to the other sentences. The trial judge also imposed a lifetime driving suspension and restitution. After sentencing was completed, but before the hearing had ended, defense counsel approached the bench and held a brief sidebar off the record.
 {¶ 5} On March 7, 2007, a second trial judge heard appellant's motion to withdraw his guilty plea and appointed counsel to perfect an appeal on behalf of Koller.
 {¶ 6} On June 14, 2006, at approximately 1:30 a.m. Koller was driving home from a bar with friends while under the influence of alcohol. Koller was traveling at well over 60 m.p.h. in a 25-m.p.h. zone. Tragically, Koller ran a red light and hit Joanna Nelson's vehicle on the driver's side, killing her and injuring her mother and Joanna's two-month-old daughter. Police and an ambulance arrived, and Koller was found to have a blood alcohol content of .23, nearly three times Ohio's .08 BAC limit. This appeal now follows. *Page 4 
 II {¶ 7} Appellant's first assignment of error provides the following: "Appellant was denied effective assistance of counsel when trial counsel failed to present evidence at appellant's hearing to withdraw his guilty plea."
 {¶ 8} Appellant's second assignment of error provides the following: "Appellant was denied effective assistance of counsel when trial counsel failed to recuse himself after it became evident that he was a potential witness in appellant's case."
 {¶ 9} Appellant's third assignment of error provides the following: "Appellant was denied effective assistance of counsel when counsel failed to introduce the alleged agreement on concurrent sentences into the record at the plea hearing or at sentencing."
 III {¶ 10} Because of the substantial interrelation between appellant's three assignments of error, we shall discuss them together below. Appellant argues that he was denied effective assistance of counsel. Specifically, appellant argues that his trial attorney failed to present evidence, failed to recuse himself, and failed to introduce an alleged sentencing agreement.
 {¶ 11} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel *Page 5 
was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Brooks (1986),25 Ohio St.3d 144, 25 Ohio B. 190, 495 N.E.2d 407.
 {¶ 12} Appellant argues in his first assignment of error that his lawyer erred when he failed to present evidence at his hearing to withdraw his guilty plea.
 {¶ 13} Crim.R. 32.1 states the following:
 "Rule 32.1. WITHDRAWAL OF GUILTY PLEA
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 14} A defendant who seeks to withdraw a guilty plea subsequent to sentencing has the burden of establishing manifest injustice. State v.Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of syllabus. "The trial court has the discretion to resolve the credibility and weight of the movant's assertions in support of the motion." Id. at paragraph two of syllabus.
 {¶ 15} Determining whether there is a reasonable and legitimate basis for the withdrawal of the plea is a matter within the trial court's sound discretion. State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715, citing State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863. Absent an abuse of discretion, the *Page 6 
trial court's decision must be affirmed. Xie, 62 Ohio St.3d at 527. In order to find an abuse of discretion, we must find that the trial court acted unjustly or unfairly and that its ruling was unreasonable, arbitrary, or unconscionable. Id. at 526-527.
 {¶ 16} In evaluating a claim of ineffective assistance of counsel, a court must be mindful that there are countless ways for an attorney to provide effective assistance in a given case and it must give great deference to counsel's performance. Strickland v. Washington (1984),466 U.S. 668 at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Trial tactics and strategies, even if debatable, do not constitute a denial of effective assistance of counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189; State v.Fayne, Cuyahoga App. No. 83267, 2004-Ohio-4625.
 {¶ 17} Koller argues that his attorney erred because he failed to call the trial judge, prosecutor, or appellant to testify at the hearing. However, Koller failed to demonstrate that he was prejudiced by defense counsel's decision not to call the trial judge or prosecutor as a witness at the motion hearing, or by defense counsel's failure to introduce other evidence.
 {¶ 18} A review of the evidence demonstrates that calling the trial judge and prosecutor as witnesses would not have altered the outcome of the hearing. *Page 7 
Defense counsel spoke with the trial judge about testifying and chose not to call the judge because he learned from the conversation that the judge did not remember making any promise regarding concurrent sentences. Accordingly, the judge's testimony would not have benefitted Koller.
 {¶ 19} The prosecutor's testimony yields a similar result. The prosecutor put her recollection of conversations of alleged sentencing agreement on the record at the motion hearing. On the record, the prosecutor denied that any such promise was made in her presence. The prosecutor further explained that she believed that the judge was free to give more than the eight-year maximum a concurrent sentence would have amounted to.
 {¶ 20} In addition to the arguments above, Koller argues that he was denied effective assistance of counsel because defense counsel did not call him to testify on his own behalf. However, appellant failed to demonstrate that if he had taken the stand, the outcome of the hearing would have been different.
 {¶ 21} Appellant's main point is based on the fact that he was brought from the penitentiary to be present at the hearing. However, this is not enough. Defendants are routinely brought from jail in order to be present at hearings. Appellant further argues that he was relying on his attorney's representation of the judge's alleged plea agreement, and therefore, should have been called as a witness. Again, we find this argument to be unpersuasive. The fact that appellant was relying on his *Page 8 
attorney's expertise or information about the plea agreement in this matter is not enough to require him to testify. Nor does this demonstrate ineffective assistance of counsel.
 {¶ 22} Accordingly, appellant's first assignment of error is overruled.
 {¶ 23} In addition to appellant's argument above, appellant argues that his attorney erred when he failed to recuse himself and when he failed to introduce the alleged agreement into the record.
 {¶ 24} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98, 17 Ohio B. 219, 477 N.E.2d 1128; Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164.
 {¶ 25} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989), 42 Ohio St.
 {¶ 26} 3d 136, 538 N.E.2d 373, that:
 "`When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 57 L.Ed.2d 1154, 98 S.Ct. 3135. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland *Page 9 v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
 "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365, 66 L.Ed.2d 564, 101 S.Ct. 665 (1981).' Strickland, supra, at 691. To warrant reversal, `the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *"
 {¶ 27} Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. State v.Bradley, supra, at 141, 142.
 {¶ 28} As previously mentioned, Koller argues that his attorney erred when he failed to recuse himself at the motion hearing. However, a review of the record fails to show any reasonable probability that, were it not for defense counsel's alleged errors, the results of the proceeding would have been different. Trial counsel filed a sworn affidavit of his interpretation of the plea agreement prior to the motion hearing. Accordingly, the trial court was already aware of counsel's position before ruling on the motion to withdraw. The affidavit contained the same information that would *Page 10 
have been in any testimony if trial counsel would have recused himself and testified. Accordingly, the result would have been the same.
 {¶ 29} Accordingly, appellant's second assignment of error is without merit.
 {¶ 30} Appellant argues in his last assignment of error that trial counsel erred when it failed to introduce the alleged agreement on concurrent sentences into the record at the plea hearing or at sentencing.
 {¶ 31} A review of the record at the motion hearing demonstrates that the prosecution and the trial court did not agree to any type of plea agreement that would have amounted to appellant being sentenced to concurrent time. At the plea colloquy the trial judge properly advised appellant of the range of all possible penalties and fines. In addition, the evidence demonstrates that the lower court found that the plea was made knowingly, voluntarily, and intelligently at the motion hearing.
 {¶ 32} Appellant failed to meet the burden of demonstrating that he was denied effective assistance of counsel. Moreover, appellant failed to demonstrate any reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
 {¶ 33} Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed. *Page 11 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1