[Cite as *Bandy v. Villanueva*, 2011-Ohio-4831.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96866**

## WILLIE BANDY

RELATOR

vs.

## JUDGE JOSE A. VILLANUEVA

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Procedendo
Motion No. 445730
Order No. 447790

**RELEASE DATE:** September 20, 2011

**FOR RELATOR**

Willie Bandy, pro se
Inmate No. 431-465
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH    44044


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113


SEAN C. GALLAGHER, J.:

{¶ 1}   Relator, Willie Bandy, is the defendant in *State v. Bandy*, Cuyahoga County Court of Common Pleas Case No. CR-417888, which has been assigned to Judge Jose A. Villanueva.   In the body of his complaint in procedendo, Bandy requests that Judge Villanueva rule on Bandy's motion to withdraw guilty plea filed on August 9, 2010.[1]

---

[1]   In the caption of the complaint, Bandy named the State of Ohio as the respondent.   By a previous entry in this action, this court instructed the clerk to substitute Judge Jose A. Villanueva for

**{¶ 2}** Respondent has filed a motion for summary judgment attached to which is a copy of the journal entry received for filing by the clerk on June 28, 2011 denying Bandy's motion to withdraw guilty plea. Respondent argues that this action in procedendo is, therefore, moot. We agree.

**{¶ 3}** We also note that Bandy has not complied with the requirement of R.C. 2969.25 that he provide an affidavit describing "each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). Failure to comply with this provision provides a basis for dismissal of an action in procedendo. *State ex rel. Huffman v. Ambrose*, Cuyahoga App. No. 95546, 2010-Ohio-5376. Bandy also failed to support his complaint with a statement setting forth the balance in his inmate account as certified by the institutional cashier. See R.C. 2969.25(C). "This also is sufficient reason to deny the writ, deny indigency status, and assess costs against the relator." Id. ¶9.

**{¶ 4}** Additionally, Loc.App.R. 45(B)(1)(a) requires that a complaint in an original action be verified and supported by an affidavit specifying the details of the claims. Bandy's "Verification" states, in part, that "all the facts in this petition are true and accurate to the best of my personal knowledge and belief." It is well-established that a relator's conclusory statement in an affidavit does not comply with the requirement of Loc.App.R. 45(B)(1)(a) that an affidavit specify the details of the claim. Failure to do

---

the State of Ohio as the respondent and to change the caption in this action accordingly.

so is a basis for denying relief. See, e.g., *State ex rel. Castro v. Corrigan*, Cuyahoga App. No. 96488, 2011-Ohio-1701.

{¶ 5} Furthermore, Bandy has not included the addresses of the parties in the caption as required by Civ.R. 10(A), which may also be a ground for dismissal. *Clarke v. McFaul*, Cuyahoga App. No. 89447, 2007-Ohio-2520, at ¶5.

{¶ 6} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Writ denied.*


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR