[Cite as *State ex rel. Carter v. Astrab*, 2011-Ohio-6301.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97072**

---

## STATE OF OHIO, EX REL., LAWRENCE CARTER

RELATOR

vs.

## JUDGE MICHAEL ASTRAB, ET AL.

RESPONDENTS

---

**JUDGMENT:
WRIT DENIED**

---

Writ of Mandamus and/or Procedendo
Motion Nos. 446296, 446297 and 447691

RELEASED DATE:   December 5, 2011

**FOR RELATOR**

Lawrence Carter, pro se
Inmate #453-994
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
Justice Center, 9th Fl.
1200 Ontario Street
Cleveland, Ohio 44113

MELODY J. STEWART, P.J.:

{¶ 1}   Relator, Lawrence Carter, is the defendant in *State v. Carter*, Cuyahoga Cty. Court of Common Pleas Case Nos. CR-441174, 441175, 441176, 441177, 441178, 441179, 441180 and 441193, which are assigned to respondent judge, a member of respondent court of common pleas.   Carter avers that, although the court of common pleas waived all costs, fines and fees, the clerk of the court of common pleas continued to attempt to collect costs.   Carter requests that this court issue writs of mandamus and/or procedendo compelling the clerk to cease attempts to collect costs from Carter.

{¶ 2}   Respondents have filed a motion for summary judgment.   Carter has not

opposed the motion. Respondents argue that this action is moot. We agree. Respondent judge has issued journal entries in the underlying cases finding that Carter is indigent and waiving all costs as well as ordering the clerk of courts to remove all costs associated with each case from its records.

{¶ 3} Respondents also correctly observe that Carter's affidavit in support of this action is not sufficient under Loc.App.R. 45(B)(1)(a), which requires that all complaints in original actions "must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." Carter avers: "The statements contained in paragraph [sic] 1 through 12 in the Complaint/ Petition for Writs of Mandamus and/or Procedendo are accurate representations of the actual events in the relator's criminal case[.]" Carter's Affidavit, ¶2. Carter's conclusory averment does not specify the details of the claim. Rather, he merely incorporates the complaint by reference. Compare *Bandy v. Villanueva*, Cuyahoga App. No. 96866, 2011-Ohio-4831 ("Bandy's 'Verification' states, in part, that all the facts in this petition are true and accurate to the best of my personal knowledge and belief.'" Id. ¶4). The failure to comply with Loc.App.R. 45(B)(1)(a) provides an additional basis for denying relief.

{¶ 4} Accordingly, respondents' motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Writ denied.*

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., and
SEAN G. GALLAGHER, J.