[Cite as *State v. Brooks*, 2011-Ohio-6483.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97198**

## STATE OF OHIO

RESPONDENT

vs.

## ULIOUS BROOKS

RELATOR

**JUDGMENT:**
**WRIT DENIED**

Writ of Mandamus
Motion No. 447909
Order No. 450167

**RELEASE DATE:**     December 13, 2011

**FOR RELATOR**

Ulious Brooks, pro se
Inmate # 453-172
Southern Ohio Correctional Facility
P. O. Box 45699
Lucasville, Ohio    45699


**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113


EILEEN A. GALLAGHER, J.:

**{¶ 1}** On August 24, 2011, the relator, Ulious Brooks, commenced this mandamus action to compel a ruling on a motion to correct improper sentence which he filed on January 21, 2011, in the underlying case, *State of Ohio v. Ulious Brooks,* Cuyahoga County Common Pleas Court Case No. CR-435228.   On September 20, 2011, the Cuyahoga County Prosecutor on behalf of the respondent moved for summary judgment.   Brooks never filed a brief in opposition to this motion.   For the following

reasons, this court grants the motion for summary judgment and denies the application for a writ of mandamus.

{¶ 2} First, the petition is defective because it is improperly captioned. Brooks styled this petition as "State of Ohio v. Ulious Brooks." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.* (1962), 173 Ohio St. 226, 181 N.E.2d 270. Moreover, the failure to caption the case correctly, i.e., not naming the respondent on whom the duty lies as compared to the defendant in the underlying case, creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. *State ex rel. Larry Calloway v. Court of Common Pleas of Cuyahoga Cty.* (Feb. 27, 1997), Cuyahoga App. No. 71699; *State ex rel. Samuels v. Mun. Court* (Nov. 22, 1994), Cuyahoga App. No. 67762; and *State ex rel. White v. Villanueva* (Oct. 6, 1993), Cuyahoga App. No. 66009.

{¶ 3} Moreover, attached to the motion for summary judgment is a certified copy of a September 19, 2011 journal entry in which Judge Shirley Strickland Saffold ruled in the underlying case: "Defendant's motions to correct improper sentence filed January 21, 2011 and January 31, 2011 are denied." This journal entry established that Brooks has

obtained his requested relief, a ruling on the subject motion. Therefore, this matter is moot.

{¶ 4} The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594 and *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. A review of this court's records indicates that he has filed at least two other actions in the past five years. Relator also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420; and *Hazel v. Knab*, 2011-Ohio-4608.

{¶ 5} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688,

914 N.E.2d 402;   *State ex rel. Wilson v. Calabrese* (Jan. 18, 1996), Cuyahoga App. No. 70077; and *State ex rel. Smith v. McMonagle* (July 17, 1996), Cuyahoga App. No. 70899.

{¶ 6} Accordingly, the court grants the respondent's motion for summary judgment and denies the writ.   Relator to pay costs.   This court directs the Clerk of the Cuyahoga County Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.

_____
EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, P.J., and
SEAN C. GALLAGHER, J., CONCUR