[Cite as *State ex rel. Koller v. Sutula*, 2012-Ohio-369.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97173

## STATE OF OHIO, EX REL.,
## KEVIN KOLLER

RELATOR

vs.

## JUDGE KATHLEEN ANN SUTULA

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus and/or Procedendo
Motion No. 447575
Order No. 451439

**RELEASED DATE:** January 30, 2012

**FOR RELATOR**

Kevin Koller
Inmate No. 522-019
Mansfield Correctional Instit.
P. O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: James E. Moss
The Justice Center
1200 Ontario Street, 9th fl.
Cleveland, OH   44113

PATRICIA ANN BLACKMON, A.J.:

{¶ 1}   Relator, Kevin Koller, is the defendant in *State v. Koller*, Cuyahoga Cty. Court of Common Pleas Case No. CR-483464, which has been assigned to respondent judge.   Koller contends that his sentence is void because the court of common pleas did not properly address allied offenses.   He requests that this court issue writs of mandamus and/or procedendo compelling respondent to sentence him "to a lawful sentence." Complaint, Ad Damnum Clause.

{¶ 2}   This court affirmed the judgment of the court of common pleas in *State v. Koller*, 8th Dist. No. 89606, 2008-Ohio-806.   The Supreme Court of Ohio denied Koller's motion for leave to file delayed appeal in *State v. Koller*, 119 Ohio St.3d 1440,

2008-Ohio-4487, 893 N.E.2d 513.

{¶ 3} Respondent has filed a motion to dismiss and argues that relief in mandamus and/or procedendo is not appropriate. We agree.

{¶ 4} Koller may not address his allied offense claims through an original action in this court. "[A]llied offense claims and sentencing issues are not jurisdictional. Thus, they are properly addressed on appeal and not through an extraordinary writ." (Citations omitted.) *State ex rel. Martin v. Russo*, 8th Dist. No. 96328, 2011-Ohio-3268, *aff'd* 130 Ohio St.3d 269, 2011-Ohio-5516, 957 N.E.2d 769. Clearly, relief in mandamus and/or procedendo is not appropriate in this action.

{¶ 5} Additionally, we note that Koller has not complied with Loc.App.R. 45(B)(1)(a) which provides that a complaint in an original action "must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." In the operative portion of Koller's affidavit, he merely avers that "[t]he statements contained in paragragph 1 through 11 in the Complaint/petition for Writ of Mandamus and/or Procedendo are accurate representation of the actual events in the Relator's crminal case[.]" (Capitalization and spelling in original.). Koller Affidavit, ¶ 2. Koller's conclusory statement is not sufficient to comply with Loc.App.R. 45(B)(1)(a) and is a ground for denying relief in this action. *See, e.g., State ex rel. Carter v. Astrab*, 8th Dist. No. 97072, 2011-Ohio-6301.

{¶ 6} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date

of entry upon the journal.    Civ.R. 58(B).

Complaint dismissed.


PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

LARRY A. JONES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR.