[Cite as *Wiegand v. Deutsche Bank Natl. Trust*, 2012-Ohio-933.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97424**

## JACKIE WIEGAND

RELATOR

vs.

## DEUTSCHE BANK NAT'L TRUST ETC., ET AL.

RESPONDENTS

### JUDGMENT:
### WRIT DENIED

Writ of Prohibition
Motion Nos. 450331 and 451373
Order No. 452556

**RELEASE DATE:**  March 6, 2012

**ATTORNEY FOR RELATOR**

James R. Douglass
James R Douglass Co., LPA
20521 Chagrin Blvd. Ste. D
Shaker Heights, OH   44122

**ATTORNEYS FOR RESPONDENTS**

For Honorable Kathleen A. Sutula
Cuyahoga Cty. Court of Common Pleas, and
Sheriff Robert Reid

William D. Mason
Cuyahoga County Prosecutor

By:   Charles E. Hannan, Jr.
Assistant. County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

**ADDITIONAL RESPONDENTS**

FOR LAW OFFICES OF JOHN D. CLUNK CO.
Law Offices of John D. Clunk Co, LPA
4500 Courthouse Blvd. Ste. 400
Stow, OH   44224

FOR DEUTSCHE BANK NATIONAL TRUST
Deutsche Bank National Trust Co.
505 City Parkway West, Ste. 100
Orange, CA   92868

PATRICIA A. BLACKMON, J.:

{¶1} Jackie Wiegand has filed a verified complaint for a writ of prohibition. Wiegand seeks an order from this court that prevents the respondents Judge Kathleen A. Sutula, the Cuyahoga County Court of Common Pleas and Cuyahoga County Sheriff Robert Reid from exercising jurisdiction in the case styled *Deutsche Bank Natl Trust Co., et al. v. Wiegand*, Cuyahoga Cty. Court of Common Pleas Case No. CV-599036.[1] For the following reasons, we grant the joint motion for summary judgment filed by the respondents and deny Wiegand's cross-motion for summary judgment.

**Facts**

{¶2} The following facts that are pertinent to this original action are gleaned from the original complaint for a writ of prohibition, the answer to the complaint, the respondents' joint motion for summary judgment, the brief in opposition to the joint motion for summary judgment, the cross-motion for summary judgment, and the brief in opposition to the cross-motion for summary judgment:

(1) Wiegand was the owner of real property located at 16105 Rockside Road, Maple Heights, Ohio;

---

[1]Wiegand has also named the Deutsche Bank National Trust Co. and John D. Clunk, LPA, as additional respondents. However, the complaint for prohibition fails to state a claim for relief against either Deutsche Bank or Clunk. Pursuant to Civ.R. 12(B)(6), we sua sponte dismiss the complaint for prohibition brought against Deutsche Bank and Clunk. *State ex rel. LetOhioVote.Org. v. Brunner*, 125 Ohio St.3d 420, 2010-Ohio-1985, 928 N.E.2d 1066, ¶ 11; *State ex rel. Peeples v. Anderson*, 73 Ohio St.3d 559, 653 N.E.2d 371 (1995).

(2) on July 26, 2005, Wiegand executed a mortgage note in the amount of $84,000, payable to Argent Mortgage Co., LLC;

(3) on August 16, 2006, John D. Clunk Co, LPA "filed a foreclosure complaint on behalf of Deutsche Bank National Trust Company as Trustee of Argent Mortgage Securities, Inc.,. Asset Based Pass Through Certificates Series 2005-W3 under the Pooling and Servicing Agreement dated as of November 1, 2005, without recourse";

(4) the complaint in foreclosure was assigned to Cuyahoga Cty. Court of Common Pleas Case No. CV-06-599036, with Judge KathleenSutula presiding over the civil action;

(5) on July 16, 2008, Judge Kathleen Sutula entered an order that provided, in part, that:

> [p]ursuant to the Stipulated Settlement Agreement filed herein on April 7, 2008, Defendant Jacqueline Wiegand hereby dismisses the Counterclaim and Third party Complaint, *waives any and all claims and defenses she may have to the foreclosure and as against the Plaintiff [Deutsche Bank] and Third-Party Defendant Argent Mortgage Company, LLC* and consents to this in rem decree of foreclosure. In consideration thereof, Plaintiff [Deutsche Bank] hereby waives any and all claims for a personal deficiency judgment against defendant Jacqueline Wiegand on the Note. (Emphasis added);

(6) on May 15, 2009, Wiegand filed a motion to dismiss the complaint for foreclosure premised upon the issue of whether Deutsche Bank was the real party in interest;

(7) on May 22, 2009, Judge Kathleen Sutula denied Wiegand's motion to dismiss and held that:

> Defendant Jacqueline Wiegand's eight motions filed on 2/04/2010 and 2/11/2010 are denied. As noted in the court's journal entry of 5/22/2009 and as demonstrated by the record in this case, defendant previously waived her defenses

and consented to foreclosure pursuant to a settlement agreement between the parties. (See filings and journal entries of 4/07/2008, 6/02/2008, 7/16/2008, and 5/22/2009.) At no time has defendant filed an appeal of the court's decisions, either as a pro se litigant or when she was represented by counsel (which was from 11/30/2006 until 12/1/2008). Furthermore, the court does not interpret the Eighth District's ruling [*Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092], which was decided on 3/12/2009, to apply retroactively to a stipulated decree of foreclosure entered eight months earlier in furtherance of a settlement agreement.

(8) on November 22, 1010, Wiegand's real property was sold at a sheriff's sale;

(9) on December 27, 2010, Judge Kathleen Sutula issued a decree of confirmation

and held that:

The sheriff having sold the property described in the order of sale issued to him, the court being satisfied of the legality of the sale and that the notice of the sale was in all respects in conformity to law, approves and confirms the same and directs the sheriff to execute and deliver to Deutsche Bank National Trust Company, as Trustee for Argent Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-W5, a good and sufficient deed thereof. Writ of possession against all defendants ordered issued to purchaser.

(10) on January 24, 2011, Wiegand filed an appeal with this court, in Cuyahoga

App. No. 96324, from the order of foreclosure and the decree of confirmation;

(11) on June 9, 2011, this court dismissed Wiegand's appeal on the basis that the

"[a]ppeal is barred by the terms of the settlement and release agreement between the

parties";

(12) on September 7, 2011, this court denied Wiegand's "motion for

reconsideration and to reinstate appeal";

(13) Wiegand did not file a timely appeal from this court's dismissal of Cuyahoga

App. No. 96324 to the Supreme Court of Ohio;

(14) on October 18, 2011, Wiegand filed her complaint for a writ of prohibition

and an alternative writ of prohibition;

(15) on November 3, 2011, this court denied Wiegand's request for an alternative writ of prohibition;

(16) on December 12, 2011, the respondents filed a joint motion for summary judgment;

(17) on January 17, 2012, Wiegand filed her combined brief in opposition to the motion for summary judgment and a cross-motion for summary judgment;

(18) on February 6, 2012, the respondents filed a joint brief in opposition to Wiegand's cross-motion for summary judgment.

## Legal Analysis

{¶3} Wiegand asserts that she is entitled to a writ of prohibition based upon the argument that Deutsche Bank lacked standing to bring the action in foreclosure, which prevented Judge Kathleen Sutula and, indirectly, Sheriff Reid from possessing subject matter jurisdiction over the foreclosure action. "Neither mandamus nor prohibition will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12. The Supreme Court of Ohio has also firmly established that "[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; *see also State ex rel. Mosier v.*

*Fornof*, 126 Ohio St.3d 47, 2010-Ohio-2516, 930 N.E.2d 305, ¶ 2. For the following reasons, we find that Judge Kathleen Sutula did not patently and unambiguously lack jurisdiction in the underlying action for foreclosure.

{¶4} Initially, we find that Judge Kathleen Sutula had the inherent and statutory authority to preside over the underlying action in foreclosure. Judge Kathleen Sutula sits as an elected judge of the Cuyahoga County Court of Common Pleas. The Ohio Constitution created the general courts of common pleas and granted them statewide jurisdiction. *Cheap Escape Co. v. Haddox, LLC*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 7; Ohio Constitution, Article IV, Section 4(A). The Cuyahoga County Court of Common Pleas is a court of general jurisdiction and possesses original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive jurisdiction of county court or municipal courts. R.C. 2305.01. The complaint in foreclosure alleged that an amount, in excess of $84,000 plus interest thereon at the rate of 10.5% from March 1, 2006, was due on a promissory note executed by Wiegand and secured by a mortgage deed. Clearly, the Cuyahoga County. Court of Common Pleas and Judge Kathleen Sutula had jurisdiction over the complaint for foreclosure and possessed the inherent and statutory authority to enter judgment in the underlying case. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 686 N.E.2d 267 (1997); *State ex rel. Enyart v. O'Neil*, 71 Ohio St.3d 655, 646 N.E.2d 1110 (1995).

{¶5} In addition, we find that Wiegand waived any and all defenses to the action in foreclosure. Pursuant to the journal entry of July 16, 2008 in the underlying action in foreclosure, Wiegand waived any and all claims and defenses, including the claim that Deutsche Bank lacked standing to bring the action in foreclosure. A defendant waives a right or defense by voluntarily relinquishing that right or defense or engaging in conduct that causes an inference of a relinquishment of that right or defense. *Gliozzo v. Univ. Urologist of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714; *Gollings v. Natl. Life Ins. Co.*, 92 Ohio App.3d 726, 637 N.E.2d 76 (9th Dist. 1994). It must also be noted that this court, in its disposition of the appeal brought by Wiegand from the order of foreclosure and sheriff's sale, specifically found that Wiegand had indeed waived all defenses to the action in foreclosure. See *Deutsche Bank National Trust Co. V. Wiegand, et al*, 8th Dist. No. 96324, (Apr. 11, 2011).

{¶6} Finally, Wiegand has or had adequate remedies in the ordinary course of law, *e.g.*, appeal, for review of any alleged jurisdictional defects. Wiegand also was permitted to file an appeal with the Supreme Court of Ohio with regard to our dismissal of her appeal based upon the issue of waiver. *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220; *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107. And extraordinary writs may not be employed to gain successive appellate reviews of the same issue previously raised in an appeal. *Stat ex rel. Williams v. Bessey*, 125 Ohio St.3d 447, 2010-Ohio-2113, 928 N.E.2d 1091; *State ex rel. Woods v. Oak Hill Community Med. Ctr.*, 91 Ohio St.3d 459, 746

N.E.2d 1108 (2001); *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 646 N.E.2d 115 (1995).

{¶7} Therefore, Judge Kathleen Sutula did not patently and unambiguously lack jurisdiction to proceed to judgment in the underlying action in foreclosure filed against Wiegand.

## Conclusion

{¶8} Writ denied.

{¶9} Based on the foregoing, we grant the respondents' joint motion for summary judgment and deny Wiegand's cross-motion for summary judgment.

{¶10} It is further ordered that the Clerk of the Eight District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Cost to Wiegand.

PATRICIA A. BLACKMON, PRESIDING JUDGE

JAMES J. SWEENEY, J., AND
COLLEEN CONWAY COONEY, J., CONCUR