[Cite as *State ex rel. Torres v. Corrigan*, 2012-Ohio-1203.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97554**

---

## STATE OF OHIO, EX REL., ERVIN TORRES

RELATOR

vs.

## JUDGE PETER J. CORRIGAN

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Procedendo
Motion Nos. 449420 and 450081
Order No. 453203

**RELEASE DATE:** March 19, 2012

**FOR RELATOR**

Ervin Torres, pro se
Inmate No. 583-525
Mansfield Correctional Institution
P. O. Box 788
Mansfield, OH   44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: James E. Moss
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Relator, Ervin Torres, requests that this court issue a writ of procedendo compelling respondent judge to issue a ruling on the motion to clarify sentence filed by relator in *State v. Torres*, Cuyahoga C.P. No. CR-526656, on August 4, 2011.

**{¶2}** Respondent judge has filed a motion for summary judgment attached to which is a copy of the journal entry received for filing by the clerk on November 29, 2011 granting in part and denying in part the motion to clarify sentence. Relator has not opposed the motion. Respondent argues that this action in procedendo is, therefore, moot. We agree.

**{¶3}** Additionally, Torres's complaint is defective. Torres has not complied with Loc.App.R. 45(B)(1)(a) which provides that a complaint in an original action "must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." In the operative portion of Torres's affidavit, he merely avers "that the foregoing statements are true and correct, under penalty of perjury." A "conclusory statement is not sufficient to comply with Loc.App.R. 45(B)(1)(a) and is a ground for denying relief in this action." (Citation omitted.) *State ex rel. Koller v. Sutula*, 8th Dist. No. 97173, 2012-Ohio-369, at ¶ 5.

**{¶4}** Torres has also failed to comply with R.C. 2969.25(A) "which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court." *State v. Brooks*, 8th Dist. No. 97198,

2011-Ohio-6483, at ¶ 4 (action in mandamus). Failure to comply with R.C. 2969.25(A) is also a basis for denying relief. *Id.*

{¶5} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.


SEAN C. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, A.J. and
MELODY J. STEWART, CONCUR