[Cite as *State ex rel. Wood v. Olsztyn*, 2012-Ohio-3160.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98061

---

## STATE OF OHIO EX REL. JOHN WOOD

### RELATOR

vs.

## MAGISTRATE CHRISTOPHER OLSZTYN, ET AL.

### RESPONDENTS

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Prohibition
Motion No. 454072
Order No. 456436

**RELEASE DATE:**     July 9, 2012

**FOR RELATOR**

John Wood, pro se
281 Corning Drive
Bratenahl, Ohio    44108


**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor
BY:    Charles E. Hannan, Jr.
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶1} Relator, John Wood, is the plaintiff in *Wood v. Fillinger*, Cuyahoga C.P. No. CV-713348, a foreclosure action. Respondents are the magistrate and judge presiding over No. CV-713348.

{¶2} Wood avers that the magistrate ordered Wood to file a brief resolving Wood's potential conflict of interest with Fillinger in another case. Wood submitted the brief and supporting materials under seal and asserted that the materials were protected by attorney-client privilege. After an in camera inspection, respondent judge determined that Fillinger had waived the privilege and ordered that Wood serve the supporting materials on the defendants in No. CV-713348. Wood appealed. This court dismissed Wood's appeal for lack of a final appealable order. *Wood v. Fillinger*, 8th Dist. No. 97032 (Sept. 16, 2011), Entry No. 447727, *appeal not accepted 02/22/12 Case Announcements*, 2012-Ohio-648.

{¶3} Wood argues that respondents exceeded their jurisdiction by investigating his conduct in another case. He also contends that "all judges and magistrates are forbidden by statute to disclose privileged information." Brief in Opposition to Respondents' Motion for Summary Judgment, unnumbered page 1. Wood does not, however, cite a statute as authority for this proposition. He also does not provide this court with any authority for the proposition that respondents' inquiry into his potential conflict of interest and resulting order to serve the supporting materials on the defendants

in No. CV-713348 exceeded the jurisdiction of the court of common pleas.

{¶4} The criteria for the issuance of a writ of prohibition are well established. In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.

*State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908. If, however, the respondent court is patently and unambiguously without jurisdiction, the relator need not demonstrate the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, at ¶ 15.

{¶5} Wood questions the propriety of the proceedings in No. CV-713348, a foreclosure action. Initially, we note that the court of common pleas clearly has subject-matter jurisdiction over foreclosure actions. *See, e.g.*, *Weigand v. Deutsche Bank Natl. Trust*, 8th Dist. No. 97424, 2012-Ohio-933 (denying relief in prohibition to prevent the court of common pleas from proceeding in a foreclosure action).

{¶6} In *State ex rel. Abner v. Elliott*, 85 Ohio St.3d 11, 1999-Ohio-199, 706 N.E.2d 765, the Supreme Court stated that prohibition does not lie to prevent a trial court from determining questions of privilege.

First, as we have consistently held, "trial courts have the requisite jurisdiction to decide issues of privilege; thus extraordinary relief in prohibition will not lie to correct any errors in decisions of these issues." [*State ex rel. Herdman v. Watson*, 83 Ohio St.3d 537, 538, 700 N.E.2d 1270, 1271 (1998)]; *State ex rel. Children's Med. Ctr. v. Brown* (1991), 59 Ohio St.3d 194, 196, 571 N.E.2d 724, 726; *Rath v. Williamson* (1992), 62 Ohio St.3d 419, 583 N.E.2d 1308. Trial courts also have extensive jurisdiction over discovery, including inherent authority to direct an in camera inspection of alleged privileged materials and to impose sanctions for failure to comply with discovery orders, so a writ of prohibition will not generally issue to challenge these orders. See *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman* (1990), 51 Ohio St.3d 94, 95-96, 554 N.E.2d 1297, 1299-1300; see, also, *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 662 N.E.2d 1, syllabus ("A trial court has broad discretion when imposing discovery sanctions.").

*Id.* at 16, *quoted with approval in State ex rel. TRW Automotive U.S. LLC v.*

*Corrigan*, 8th Dist. No. 89706, 2007-Ohio-1832, ¶ 6.

**{¶7}** Wood claims that the respondents are inappropriately requiring him to serve privileged materials on the other parties in a foreclosure proceeding. As *Weigand* makes clear, respondents have jurisdiction to hear the foreclosure case. Likewise, as *Abner* makes clear, relief in prohibition is not appropriate to challenge the propriety of a trial court's ruling regarding materials that a party claims are privileged.

**{¶8}** As a consequence, we must conclude that respondents are not patently and unambiguously without jurisdiction to proceed in the foreclosure case, including their consideration of the potential conflict of interest issue. We must also deny relief in prohibition. Prohibition does not lie to prevent respondents from ordering relator to serve the purportedly privileged materials on defendants in the underlying case.

**{¶9}** We also note that the affidavit accompanying Wood's complaint merely

states that he has reviewed the averments in the complaint and application for alternative writ "and can attest these facts are true to the best of my knowledge." Wood Affidavit, ¶ 3. Loc.App.R. 45(B)(1)(a) provides, in part: "All complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." Wood's conclusory statement does not comply with the requirement of Loc.App.R. 45(B)(1)(a) that the affidavit specify the details of the claim. *See, e.g., State ex rel. Torres v. Corrigan*, 8th Dist. No. 97554, 2012-Ohio-1203. This defect also provides a ground for denying relief.

**{¶10}** Accordingly, respondents' motion for summary judgment is granted. Relator to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶11}** Writ denied.

_____
MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MELODY J. STEWART, J., CONCUR