[Cite as *Wood v. McClelland*, 2013-Ohio-3922.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99939

---

## JOHN WOOD, ESQ.

### RELATOR

vs.

## HONORABLE JUDGE ROBERT McCLELLAND, ET AL.

### RESPONDENTS

---

### JUDGMENT:
### WRIT DENIED

---

Writ of Prohibition
Motion Nos. 466181 and 466747
Order No. 467677

**RELEASE DATE:** September 6, 2013

**FOR RELATOR**

John Wood, pro se
281 Corning Drive
Bratenahl, Ohio 44108


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Nora E. Graham
David Lambert
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

{¶1} Relator, John Wood, Esq. ("Wood" or "Relator"), has petitioned this court for a writ of prohibition preventing respondents, Judge McClelland and Magistrate Kevin Augustyn ("Respondents"), from exercising jurisdiction over Count 1 of the second amended complaint for foreclosure that was filed in *Fannie Mae v. Hicks,* Cuyahoga C.P. No. CV-746293 (hereinafter the "underlying action"). Wood is not a party, but there is no dispute that he represents defendant Hicks in the underlying action. The court has before it Respondents' motion for summary judgment, Relator's response to Respondents' motion for summary judgment, Relator's motion for summary judgment, Respondents' response to Relator's motion for summary judgment, a reply in support of Respondents' motion for summary judgment, and Relator's reply to Respondents' response to Relator's motion for summary judgment.

{¶2} Having considered the entire record, the arguments of the parties, and the applicable law, Respondents' motion for summary judgment is granted and Relator's motion for summary judgment is denied for the reasons that follow.

{¶3} Wood's petition avers that in the underlying action, plaintiff Fannie Mae is without standing to pursue Count 1 of the second amended complaint, and therefore, the trial court patently and unambiguously lacks jurisdiction to exercise jurisdiction over this count.

{¶4} The gravamen of this action centers around Fannie Mae's cause of action to enforce a note and mortgage in the underlying action. Fannie Mae averred it is a person

entitled to enforce the note pursuant to R.C. 1303.01 and 1303.38.  Wood contends that the note is invalid because it was lost while in the possession of a third party, not Fannie Mae.  Hicks filed a motion to dismiss the second amended complaint on this basis, which the trial court denied.  Wood then commenced this action.

{¶5} Respondents have moved for summary judgment on the following alleged grounds: (1) Wood is not the real party in interest and lacks standing to pursue this original action in his own name, and (2) Wood has failed to establish a claim for relief in prohibition.  Wood responds that he has standing by virtue of his "representative capacity" as Hicks's counsel in the underlying litigation and maintains that he has satisfied all requirements necessary to merit relief in prohibition.  Respondents are entitled to summary judgment on both grounds.

### A.  Wood lacks standing

{¶6} "It is elementary that every action shall be prosecuted in the name of the real party in interest * * *."  *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176, 178, 298 N.E.2d 515 (1973), citing Civ.R. 17(A) and *Cleveland Paint & Color Co. v. Bauer Mfg. Co.,* 155 Ohio St. 17, N.E.2d 545 (1951), paragraph one of the syllabus. "A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action."  *Id*. at syllabus.

{¶7} Wood concedes that he has no personal interest in the underlying litigation but believes he has standing in his "representative capacity" as defendant Hicks's

attorney. However, Wood's employment as Hicks's counsel of record in the underlying foreclosure action does not give him standing to pursue this original action in his own name. Civ.R. 17(A) confers standing to pursue an action in a representative capacity only in the following circumstances:

> Every action shall be prosecuted in the name of the real party in interest. *An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state*. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

(Emphasis added.)

{¶8} Civ.R. 17(A) does not allow an attorney to file civil actions in his or her own name on behalf of the real party in interest, i.e., their client.[1] Wood is not a real party in interest. "To be beneficially interested, a party must be more than just concerned about

---

[1] "[T]he point of the rule [Civ.R. 17(A)] is that 'suits by representative plaintiffs on behalf of the real parties in interest are the exception rather than the rule and should only be allowed when the real parties in interest are identifiable and the res judicata scope of the judgment can be effectively determined.'" *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, quoting *Consumer Fedn. of Am. v. Upjohn Co.*, 346 A.2d 725, 729 (D.C. 1975) (construing analogous District of Columbia rule).

an action's subject matter. Rather, that person must be in a position to sustain either a direct benefit or injury from the resolution of the case." *State ex rel. Brady v. Russo*, 8th Dist. Cuyahoga No. 89552, 2007-Ohio-3277, ¶ 14, citing *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 299, 685 N.E.2d 1251 (1997). In *Brady,* this Court found that a counsel of record in an underlying criminal action was not the real party in interest and could not pursue a mandamus action in her own name on behalf of her client. *Id.* at ¶ 15-16; *see also Lager v. Plough*, 11th Dist. Portage No. 2006-P-0013, 2006-Ohio-2772, ¶ 15 (holding that the public defender "does not have standing to challenge, in [sic] behalf of the criminal defendants in the underlying cases, respondent's employment of the 'anger management' condition in setting bail for a domestic violence offense."). Respondents are entitled to judgment on this ground.

## B. Failure to establish a claim for relief

{¶9} Even if this action had been commenced in the name of the real party in interest, it would fail. Wood argues that the trial court was patently and unambiguously without jurisdiction. Wood, however, acknowledges that the trial court has subject-matter jurisdiction in foreclosure cases. The trial court, therefore, had jurisdiction to rule on the motion to dismiss that challenged Fannie Mae's standing to enforce the subject note. *See*, *e.g.*, *Schwartzwald*. The trial court denied the motion to dismiss, and Wood clearly believes the ruling was erroneous. Nonetheless, a "writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." Hicks's

can pursue an appeal of the trial court's ruling on her motion to dismiss and, therefore, has an adequate remedy at law. Because Hicks's has an adequate remedy at law by way of appeal, relief through an original action is inappropriate. *See State ex rel. Davet v. Sutula,* 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2 ("Any conflict concerning the issue of standing in a foreclosure action recognized by the court of appeals in its decision dismissing Davet's complaint for writs of prohibition and mandamus was not dispositive of the case, because the court of appeals held that he had an adequate remedy in the ordinary course of law by way of appeal, which rendered relief through an original action inappropriate.").

{¶10} Wood asserts that *Schwartzwald* clearly established that Fannie Mae lacked standing to enforce the note in the underlying litigation. We disagree.

{¶11} The Ohio Supreme Court addressed and decided the following issue in *Schwartzwald*: "whether a lack of standing at the commencement of a foreclosure action filed in a common pleas court may be cured by obtaining an assignment of a note and mortgage sufficient to establish standing prior to the entry of judgment." *Id.* at ¶ 19. In *Schwartzwald*, the plaintiff conceded that it was not the person entitled to enforce the note on the date that the foreclosure complaint was filed. The court held that a lack of standing at the outset of the litigation cannot be cured by receipt of an assignment of the claim or by substitution of the real party in interest. *Id.* at ¶ 41. The plaintiff in the underlying action maintains it was the proper person to enforce the note and mortgage at the time the complaint was filed. Also, unlike *Schwartzwald*, the foreclosure defendant

in the underlying action only challenged the validity or sufficiency of a lost note affidavit. There appears to be no dispute that the plaintiff in the underlying action had an interest in the mortgage at the time it filed suit. Regardless of the factual distinctions, a writ of prohibition is not the appropriate remedy to correct an error in a lower court's judgment that raises the issue of a litigant's standing. *See State ex rel. Davet* (noting that the appellate court did not need to address the merits of relator's jurisdictional claim because "its jurisdiction in the writ case was 'limited to determining whether jurisdiction is patently and unambiguously lacking'").

{¶12} A writ of prohibition "is an extraordinary remedy that is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). Before it can be granted, the relator must prove that: "(1) the lower court is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) relator possesses no other adequate remedy at law." *Id.* However, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988). Therefore, if the lack of jurisdiction is patent and unambiguous, the writ will be granted upon proof of the first two elements alone.

{¶13} Absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own

jurisdiction. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 21.

{¶14} A party challenging the court's jurisdiction has an adequate remedy at law by an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). The court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶15} A patent and unambiguous lack of jurisdiction means that there is a "total lack of jurisdiction of the lower court to act." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998), *criticized by, Schwartzwald* at ¶ 29. The court of common pleas clearly has subject-matter jurisdiction in the underlying foreclosure case. *State ex rel. Wood v. Olsztyn*, 8th Dist. Cuyahoga No. 98061, 2012-Ohio-3160, ¶ 5, citing *Weigand v. Deutsche Bank Natl. Trust*, 8th Dist. Cuyahoga No. 97424, 2012-Ohio-933 (denying relief in prohibition to prevent the court of common pleas from proceeding in a foreclosure action). The issue of standing does "not attack the court's jurisdiction and can be adequately raised by postjudgment appeal." *State ex rel. Smith v. Smith,* 75 Ohio St.3d 418, 420, 662 N.E.2d 366 (1996). "Standing is a threshold question for the court to decide in order for it to proceed to adjudicate the action. The trial court has discretion to decide whether the [plaintiff] is a proper party to assert the claim." *State ex rel. Jones* at 77. There is an adequate remedy at law to challenge an adverse ruling as to a party's alleged lack of standing in a foreclosure action. *See*, *e.g.*, *Schwartzwald*; *see also*

*CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894. Accordingly, prohibition is not an appropriate remedy to correct the alleged error.

{¶16} The trial court had jurisdiction to rule on the motion to dismiss that raised the issue of standing, and the trial court's ruling can be adequately challenged by a postjudgment appeal. The trial court does not patently and unambiguously lack jurisdiction over plaintiff's claims in the underlying action.

{¶17} Relator's motion for summary judgment is denied and respondents' motion for summary judgment is granted.

{¶18} Accordingly, we grant the respondents' motion for summary judgment. Relator to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶19} Writ denied.


EILEEN T. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
TIMOTHY McCORMACK, J., CONCUR