THE STATE EX REL. MOSIER, APPELLANT, *v.* FORNOF,

MAGISTRATE, ET AL., APPELLEES.

[Cite as *State ex rel. Mosier v. Fornof*, 126 Ohio St.3d 47, 2010-Ohio-2516.]

*Prohibition — Mandamus — Juvenile court and juvenile-court magistrate do not patently and unambiguously lack jurisdiction to proceed on child-custody matter — Adequate remedy at law by appeal — Judgment affirmed and writs denied.*

(No. 2009-2175 — Submitted May 26, 2010 — Decided June 10, 2010.)

APPEAL from the Court of Appeals for Lucas County,

No. L-09-1192, 2009-Ohio-5618.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying the request of appellant, Tonya Mosier, for writs of prohibition and mandamus to prevent appellees, Magistrate Judith Fornof and the judges of the Lucas County Court of Common Pleas, Juvenile Division, from determining child-custody issues concerning Mosier's daughter and to vacate the entries and orders relating to child custody in the underlying proceeding.

{¶ 2} "Neither mandamus nor prohibition will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5.

**{¶ 3}** For the following reasons, the juvenile court judges and magistrate do not patently and unambiguously lack jurisdiction to decide child-custody matters in the underlying proceeding.

**{¶ 4}** First, they have specific statutory jurisdiction to do so. See R.C. 2151.23(A)(2) (juvenile court has exclusive original jurisdiction "to determine the custody of any child not a ward of another court of this state"); R.C. 3109.042 ("An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian"). Mosier is an unmarried female who gave birth to the child, and there is no allegation or evidence in the record that the child is a ward of another state court.

**{¶ 5}** Second, Mosier erroneously claims that R.C. 3109.12 divested the juvenile court of jurisdiction to determine her child's custody because she had not filed a proper complaint. That statutory provision relates to the procedure that a father of a child born to an unmarried woman must use when requesting reasonable parenting time rather than legal custody. See R.C. 3109.12(A) ("If a child is born to an unmarried woman and if the father of the child has acknowledged the child and that acknowledgement has become final * * * or has been determined in an action under Chapter 3111. Of the Revised Code to be the father of the child, the father may file a complaint requesting that the court of appropriate jurisdiction of the county in which the child resides grant him *reasonable parenting time rights* with the child * * *" [emphasis added]).

**{¶ 6}** " 'Custody' refers to the right to ultimate legal and physical control over a child, while 'parenting time rights' grant a parent the power of temporary physical control for the purpose of visitation." *Williamson v. Cooke*, Franklin App. No. 09AP-222, 2009-Ohio-6842, ¶ 22, citing *Braatz v. Braatz* (1999), 85 Ohio St.3d 40, 44, 706 N.E.2d 1218 (" 'Visitation' and 'custody' are related but distinct legal concepts. 'Custody' resides in the party or parties who have the

2

right to ultimate legal and physical control of a child. 'Visitation' resides in a noncustodial party and encompasses that party's right to visit the child"). Through his counterclaim and motion in the underlying juvenile court proceeding, the child's father had sought custody of the child, not increased parenting time or visitation.

{¶ 7} Therefore, Mosier's claim alleges, at best, an error in the court's exercise of its jurisdiction rather than a lack of subject-matter jurisdiction. See *Jimison v. Wilson*, 106 Ohio St.3d 342, 2005-Ohio-5143, 835 N.E.2d 34, ¶ 11. Because the juvenile court judges and magistrate do not patently and unambiguously lack jurisdiction to determine child-custody matters in the underlying case, Mosier has an adequate remedy by appeal to raise her claims, and the court of appeals properly dismissed her action for extraordinary relief in prohibition and mandamus.

Judgment affirmed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Lydy & Moan, Ltd., Daniel T. Ellis, and Frederick E. Kalmbach, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for appellees.

_____