THE STATE EX REL. V.K.B., APPELLANT, *v.* SMITH, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. V.K.B. v. Smith,* 138 Ohio St.3d 84, 2013-Ohio-5477.]

*Prohibition—Domestic relations—Child custody—R.C. 3127.18—Emergency temporary custody—Custody of child who is resident of Arizona improperly awarded to Ohio nonparent—Writ granted.*

(No. 2013-0636—Submitted August 20, 2013—Decided December 17, 2013.)

APPEAL from the Court of Appeals for Sandusky County, No. S-13-001, 2013-Ohio-799.

_____

**Per Curiam.**

{¶ 1} We reverse the judgment of the court of appeals in this appeal from an original action in prohibition. Relator-appellant, V.K.B., filed this action to prevent the respondents-appellees, Sandusky County Juvenile Court, Sandusky County Juvenile Court Judge Bradley J. Smith, and juvenile court magistrate Sara Jo Sherick, from exercising jurisdiction with respect to the custody of her minor daughter, J.B.

{¶ 2} V.K.B. had obtained sole custody of the child in a judgment issued by the juvenile court in 2009. Since then, she had moved to Arizona with her daughter and had lived there for two years, making it their permanent home. On a visit to Ohio in 2012, she was called back to Arizona, and she left the child temporarily with her mother. While V.K.B. was away, the child's paternal grandfather filed an ex parte motion in the Sandusky Juvenile Court for emergency temporary custody of the child, which was granted. V.K.B. filed a complaint for a writ of prohibition, alleging that the Ohio court lacks jurisdiction now that she and the child are residents of Arizona.

**{¶ 3}** The court of appeals, on a motion to dismiss by respondents for failure to state a claim upon which relief can be granted, dismissed the case, finding that the juvenile court had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, R.C. Chapter 3127, and that V.K.B. had an adequate remedy by way of appeal if the court errs in its rulings. V.K.B. appealed to this court.

**{¶ 4}** We reverse the judgment of the court of appeals because (1) if V.K.B. can prove the allegations in her complaint, the juvenile court has failed to follow the statute that creates its jurisdiction over the child and (2) in this context, appeal is not an adequate remedy at law because it is neither "complete," nor "beneficial," nor "speedy." *See State ex rel. Kingsley v. State Emp. Relations Bd.,* 130 Ohio St.3d 333, 2011-Ohio-5519, 958 N.E.2d 169, ¶ 13 (to be considered adequate, the remedy must be complete, beneficial, and speedy).

*Facts*

**{¶ 5}** V.K.B. is the natural mother of J.B., born on August 15, 2008. She was named the custodial parent by the Sandusky County Juvenile Court on December 18, 2009. V.K.B. relocated to Arizona in August 2010 and filed a notice of relocation with the Ohio court. V.K.B. returned temporarily to Ohio in August 2012. She was at that time actively seeking employment in Arizona. When V.K.B. discovered that a permanent job was available in Arizona, she returned there for an interview on November 9, 2012. She left J.B. in the care of her mother.

**{¶ 6}** While she was in Arizona, the paternal grandfather filed an ex parte motion for custody of J.B., which was granted. After the ex parte order was granted, V.K.B. filed a "notice of filing of foreign judgment" in Arizona, giving that court notice of the 2009 Ohio custody order. V.K.B. claims that the respondents had no jurisdiction to grant the ex parte custody order, as J.B.'s home state is now Arizona, and the courts of Arizona have jurisdiction.

**{¶ 7}** The court of appeals directed respondents to respond to V.K.B.'s original action for a writ of prohibition, which they did. That court ultimately found that V.K.B. has not shown that respondents were exercising judicial power unauthorized by law and dismissed the complaint for failure to state a claim. V.K.B. has appealed.

*Analysis*

**Oral argument**

**{¶ 8}** V.K.B. has moved for oral argument. We have discretion to grant oral argument in direct appeals under S.Ct.Prac.R. 17.02. In exercising that discretion, we consider "whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15, citing *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers' Comp.*, 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 25–26. Here, V.K.B. does not present issues complex enough to require oral argument and does not even assert any reason for oral argument. We therefore deny the motion.

**Prohibition**

**{¶ 9}** To be entitled to the requested writ of prohibition, V.K.B. must establish that (1) respondents are about to or have exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law, *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18 and 23; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. When the lack of jurisdiction is "patent and unambiguous," the lack of an adequate remedy is considered established, as the unavailability of alternate remedies is immaterial in

such a case. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

{¶ 10} When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Perez v. Cleveland*, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1989); *Phung v. Waste Mgt., Inc.*, 23 Ohio St.3d 100, 102, 491 N.E.2d 1114 (1986). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

{¶ 11} The question here is whether the court of appeals properly dismissed V.K.B.'s complaint for a writ of prohibition, or whether there is a set of facts consistent with the complaint that would entitle her to the requested relief.

**The juvenile court lacks jurisdiction**

{¶ 12} The complaint clearly alleges that the respondents have exercised and will continue to exercise judicial power. The question is whether that exercise is authorized by law and whether denying the writ would result in an injury for which no other adequate remedy exists.

{¶ 13} V.K.B. asserts that the respondents lack jurisdiction to proceed because jurisdiction over J.B. passed to Arizona when J.B. became a resident of that state. The juvenile court purportedly exercised temporary emergency jurisdiction under R.C. 3127.18. That statute provides, first, that jurisdiction comes exclusively from the statute:

4

(A) A court of this state has temporary emergency jurisdiction *if a child is present in this state and either of the following applies*:

(1) The child has been abandoned.

(2) It is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

(Emphasis added.) Thus, the juvenile court has emergency and temporary jurisdiction over a child in Ohio only if it satisfies the requirements of the statute. One of the requirements of the statute is that if a child-custody proceeding has been started in another state, the court must immediately communicate with the court of the other state to resolve the emergency, protect the safety of the parties and the child, and set a period for the duration of the temporary order. R.C. 3127.18(D) mandates that when

[a] court of this state * * * has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in or a child custody determination has been made by a court of a state having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code or a similar statute of another state, [the Ohio court] *shall immediately communicate with the other court*.

(Emphasis added.) The situation before us today is precisely the situation the Uniform Act contemplates.

{¶ 14} R.C. 3127.18(D) further provides:

A court of this state that is exercising jurisdiction pursuant to sections 3127.15 to 3127.17 of the Revised Code, upon being informed that a child custody proceeding has been commenced in or a child custody determination has been made by a court of another state under a statute similar to this section, shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.

Moreover, when there has been a prior child-custody determination entitled to be enforced in Ohio, any emergency order under the statute is temporary and must specify the amount of time the court deems adequate to obtain an order from the other state:

If there is a previous child custody determination that is entitled to be enforced under this chapter, or a child custody proceeding has been commenced in a court of a state having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code or a similar statute of another state, any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code or a similar statute of another state. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or until the period expires.

R.C. 3127.18(C). The complaint alleges that V.K.B. has commenced a child-custody-enforcement action in Arizona by filing the Ohio judgment there. The juvenile court in Ohio, although it is aware of the Arizona filing, has apparently not communicated with the Arizona court to resolve the emergency, nor has it determined a period for the duration of the temporary order; the order states only that the grandfather is granted immediate custody "until a full and fair hearing may be held." That was a year ago.

{¶ 15} V.K.B. filed a notice of relocation notifying the Ohio court of her move to Arizona in June 2010. The original Ohio judgment of custody was filed in Arizona in December 2012. The Ohio juvenile court does not mention the notice of relocation filed with that court in June 2010, nor is there any evidence that it made contact with the Arizona court. There is also no evidence that the court has since determined a period for the duration of the temporary order to allow the Arizona court to rule.

{¶ 16} Moreover, the court has granted "temporary" custody to a grandparent, who, unlike a parent, does not have fundamental rights in the care and custody of a child. "Within the framework of the statutes, the overriding principle in custody cases between a parent and nonparent is that natural parents have a fundamental liberty interest in the care, custody, and management of their children." *In re Hockstok*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶ 16, citing *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), and *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990). That "temporary" custody has now lasted over one year.

{¶ 17} Thus, if V.K.B. can prove the allegations in her complaint, the juvenile court has not satisfied the requirements of the statute and therefore does not have jurisdiction over the parties, the child, or the case.

**{¶ 18}** Moreover, the lack of jurisdiction here need not be "patent and unambiguous." V.K.B.'s argument that appeal in this case does not amount to an "adequate remedy" for purposes of prohibition has merit.

**{¶ 19}** Ohio law has consistently applied the principle that appeal is an adequate remedy in cases involving child custody. *Ross v. Saros*, 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126; *State ex rel. Mosier v. Fornof,* 126 Ohio St.3d 47, 2010-Ohio-2516, 930 N.E.2d 305. However, that precedent does not directly apply here.

**{¶ 20}** In *Ross*, the mother filed for a writ of habeas corpus *after* her appeal was unsuccessful. In *Mosier*, the dispute was between the parents, both of whom have a fundamental constitutional interest in the care, custody, and management of their children.

**{¶ 21}** In the context of this case, appeal is not adequate. Here, the contest is between a parent and a nonparent. As explained above, natural parents have a fundamental constitutional interest in the care, custody, and management of their children that grandparents do not. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 40.

**{¶ 22}** In addition, in this case, the juvenile court has awarded "temporary custody" but has neither communicated with the Arizona court nor specified the duration of the temporary order to allow the Arizona court to rule. Thus, there is no guarantee that the court will not simply sit on this "temporary" order indefinitely.

**{¶ 23}** An "adequate remedy" in child-custody cases is unlike that in other types of cases, because for a child and her parent, time is the most precious of commodities. If a child is removed from her parent for a year, as has already occurred in this case, that year can never be replaced. If a writ is not issued and the case returned to the juvenile court in these circumstances, it may languish for one or two more years before the court issues an appealable order. The appeal

can take an additional year or two by the time briefs are prepared and oral arguments delivered and the judges arrive at a conclusion.

**{¶ 24}** Thus, even if the juvenile court eventually issues a final order, and V.K.B. appeals the case only to the court of appeals, it may take five years or more between the time custody was "temporarily" moved from the child's mother to a nonparent and the time the case is resolved. If the case is appealed here, it may take an additional year or more. Instead of a toddler, J.B. will be seven, eight, or even nine years old. The formative years she spent away from her mother can never be recaptured. This problem is particularly acute here, as J.B. has been diagnosed as autistic.

**{¶ 25}** Moreover, this principle of urgency in resolving child-custody cases is already acknowledged by Ohio law. For example, this court's own rules require accelerated schedules for briefs, pleadings, and other matters in cases involving the termination of parental rights and adoption. S.Ct.Prac.R. 7.03(A)(2), 12.09, 15.03(A)(2), 16.02(A)(1), 16.03(A)(1), 16.04(A)(1), 16.05(B)(1)(a), 16.05(C)(1)(a), 16.05(D)(1)(a), 16.05(E)(1)(a), 17.04, and 18.01.

**{¶ 26}** Under R.C. 2505.02(A)(2), child-custody cases are "special proceedings," *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, at ¶ 43, that affect a "substantial right," *In re C.B.*, 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, ¶ 11 ("a parent does have a substantial right in the custody of his or her child"); *In re Murray*, 52 Ohio St.3d 155, 556 N.E.2d 1169; *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607.

**{¶ 27}** This is not to say that appeal is not an adequate remedy in all child-custody cases. But when, as alleged here, (1) custody has been removed from a parent who previously had been awarded permanent custody, (2) custody is awarded to a nonparent in an ex parte proceeding, (3) the juvenile court is not complying with the requirements of the Uniform Act or other applicable law, and (4) the juvenile court has issued a "temporary" order with no indication of when a

hearing or other action might be taken to resolve the case, appeal is not an "adequate remedy at law" for purposes of an extraordinary writ.

*Conclusion*

{¶ 28} While visiting Ohio, an Arizona child has been summarily taken from her mother and given to a nonparent through an ex parte proceeding. The juvenile court did not follow the law that gives it jurisdiction over the child. And the court of appeals has told the mother that she has an adequate remedy at law since at some distant point in the future any error will be vindicated on appeal. We disagree.

{¶ 29} The writ of prohibition is granted. The Sandusky County Juvenile Court is hereby directed to vacate all orders entered in this matter subsequent to August 2010, and the child is to be returned to the custody of the mother forthwith.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

KENNEDY and FRENCH, JJ., dissent and would affirm the judgment of the court of appeals.

_____

Gerald R. Walton & Associates, Gerald R. Walton, and John J. Schneider, for appellant.

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and Norman P. Solze, Assistant Prosecuting Attorney, for appellees.

_____