[Cite as *State ex rel. Jorgensen v. Fuller*, 2019-Ohio-1208.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, ex rel. MELANIE A. JORGENSEN | JUDGES: |
| | Hon. William B. Hoffman, P.J<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 19 CAD 03 0023 |
| RANDALL D. FULLER, JUDGE<br>DELAWARE COUNTY DOMESTIC<br>RELATIONS COURT | |
| NATALIE FRAVEL, CLERK<br>DELAWARE COUNTY DOMESTIC<br>RELATIONS COURT | O P I N IO N |
| DELAWARE COUNTY DOMESTIC<br>RELATIONS COURT | |


CHARACTER OF PROCEEDINGS:     Writ of Prohibition


JUDGMENT:     Denied

DATE OF JUDGMENT ENTRY:     April 1, 2019


APPEARANCES:


For Relator

DANIELLE M. SKESTOS
Isaac Wiles Burkholder & Teetor, LLC
2 Miranova Place, Suite 700
Columbus, Ohio  43215

*Hoffman, P.J.*

{¶1}   Relator, Melanie Jorgensen, has filed a Complaint for Writ of Prohibition requesting a writ issue prohibiting the Delaware County Domestic Relations Court from holding a hearing on a petition to establish paternity.  For the reasons that follow, a writ of prohibition will not issue.

{¶2}   Relator gave birth to a child on October 19, 2018, out of wedlock.  On October 23, 2018, Nathaniel Johnson registered with the putative father registry as putative father for the child.  Two days later, Relator initiated an action in the probate court for placement of the child with prospective adoptive parents.  The prospective adoptive parents then filed a petition for adoption the next day on October 26, 2018.

{¶3}   Johnson appeared in the probate case by filing a motion for genetic testing and objecting to the child's placement.  The probate court denied the motion for genetic testing on the basis the domestic relations had exclusive jurisdiction to determine paternity.  On February 8, 2019, Johnson filed a petition to establish paternity in the domestic relations court.

{¶4}   Both the adoption and the paternity cases are pending at the same time.  Relator seeks to prohibit the paternity case from going forward based upon the jurisdictional priority rule.  She argues the adoption was filed first, therefore, the domestic relations court does not have jurisdiction to continue with the paternity case.  Relator filed a motion to dismiss in the domestic relations paternity case based upon the jurisdictional priority rule argument.  The domestic relations court denied the motion.

{¶5}   "To be entitled to a writ of prohibition, [a relator] must establish the exercise of judicial power, that the exercise of that power is unauthorized by law, and that denying the writ would result in injury for which no adequate remedy exists in the ordinary course

of law. *State ex rel. Elder v. Camplese,* 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. Even if an adequate remedy exists, a writ may be appropriate when the lack of jurisdiction is patent and unambiguous. *State ex rel. V.K.B. v. Smith,* 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 9." *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Court of Common Pleas, Prob. Div.*, 150 Ohio St.3d 230, 2016-Ohio-7382, 81 N.E.3d 380, ¶ 19.

{¶6}   As she did in the domestic relations case, Relator argues in this case the domestic relations court should be prohibited from proceeding based upon the jurisdictional priority rule.

{¶7}   "Under the jurisdictional-priority rule, "'[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 476 N.E.2d 1060, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus. "In general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second." *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 429, 751 N.E.2d 472; *State ex rel. Brady v. Pianka,* 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 13." *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 24.

{¶8}   Relator argues both the probate case and the domestic relations case have the same parties.  While both cases have some of the same parties, both cases do not

have the prospective adoptive parents as parties. The probate court has exclusive jurisdiction over adoptions. *In re Adoption of M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236. Likewise, the jurisdiction to determine parentage is exclusively vested in the domestic relations and juvenile courts. See R.C. 3111.04 and R.C. 3111.06.

**{¶9}** The Supreme Court has rejected the jurisdictional priority rule argument when dealing with an adoption proceeding pending in a probate court at the same time an application to establish parenting time is pending in a domestic relations court, "The jurisdictional-priority rule does not apply here. [T]he probate court and the domestic-relations court in this case are not courts of concurrent jurisdiction." *In re Adoption of M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236. Likewise, in the instant case, we find the two courts are deciding distinct causes of action.

**{¶10}** Because the probate court and domestic relations courts do not have concurrent jurisdiction, the jurisdictional priority rule does not apply in the circumstances presented here.

**{¶11}** Relator has not established the domestic relations court lacks jurisdiction to proceed on the paternity case.  Therefore, the writ of prohibition will not issue.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle E., J. concur