[Cite as *Hunt Eng., L.L.C. v. Ohio Environmental Protection Agency*, 2022-Ohio-3141.]

| | |
|---|---|
| HUNT ENGINEERING, LLC | Case No. 2022-00243PQ |
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| OHIO ENVIRONMENTAL PROTECTION AGENCY | |
| Respondent | |

{¶1} The Public Records Act, R.C. 149.43 (PRA or Act), requires a public office to make copies of requested public records available at cost and within a reasonable period of time. R.C. 149.43(B)(1). The Act is construed liberally in favor of broad access, with any doubt resolved in favor of disclosure. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. This action is filed under R.C. 2743.75, which provides an expeditious and economical procedure to enforce the PRA in the Court of Claims.

{¶2} On August 11, 2020, requester Hunt Engineering, LLC (Hunt) made identical public records requests to four divisions within the respondent Ohio Environmental Protection Agency (OEPA) for "all internal and external communications" to or from twenty-five agency employees "related in any way to" three sources of funding applications by eleven Ohio villages. (Complaint, Exh. A.) On October 1, 2020, OEPA denied the request as ambiguous and overbroad, directed Hunt to a Public Records Checklist that describes how OEPA maintains its records, and invited Hunt to revise the request. (*Id.*, Exh. B.)

{¶3} On October 12, 2020, Hunt made a revised request to the same agency divisions for "all internal and external emails, including all attachments * * * sent from or received by the [twenty-five] individuals below from 2015 through the present * * * regarding the allocation, denial, or request for [any of three funds], submitted by or on

behalf of [the same eleven Ohio villages]." (*Id.*) OEPA provided a set of records responsive to the October 12, 2020 request on January 21, 2021. (Complaint, Exh. C.) On March 17, 2021, Hunt made a second revised request for documents including communications from and to 27 individuals "related in any way" to Hunt Engineering, its principal Christopher Hunt, and their involvement in certain wastewater and drinking water financial assistance programs. (*Id.*, Exh. D.) This second revised request overlaps but expands the request of October 12, 2020. On June 2, 2021, OEPA responded that it would provide documents but, because the pool of potentially responsive documents was voluminous, they would be produced on a rolling basis. (*Id.*, Exh. F.) On July 9, July 23, August 31, and October 29, 2021, OEPA produced tens of thousands of records responsive to the March 17, 2021 request. (*Id.*, Exhs. F through J.) On March 4, 2022, OEPA provided a final set of records, advising Hunt that "[a]s this production is the final installment, it is in full satisfaction of your request and therefore our office will now consider the matter closed." (Response, Exh. 1, 1-A, and 1-B.)

{¶4} On February 11, 2022, Hunt filed a complaint pursuant to R.C. 2743.75(B) and (D)(1) alleging that OEPA had denied it access to public records in violation of R.C. 149.43(B). On June 23, 2022, OEPA filed a motion to dismiss (Response). On July 15, 2022, Hunt filed a reply.

**Remaining Claims**

{¶5} The complaint does not allege that denial of Hunt's August 11, 2020 request violated R.C. 149.43(B). The parties instead agree that Hunt replaced this initial request with a revised request dated October 12, 2020 (Response at 3-4; Reply at 1, 3). Accordingly, no dispute is before the court relating to the August 11, 2020 request. The only requests on which determinations of claimed violations may be based are Hunt's revised request of October 12, 2020, and a further revision dated March 17, 2021.

**Burden of Proof**

**{¶6}** The requester in an enforcement action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). The requester bears an initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33.

**Motion to Dismiss**

**{¶7}** In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10.

**{¶8}** OEPA moves to dismiss the complaint on the grounds that 1) it fails to state a claim for which relief may be granted, 2) that OEPA "properly denied Requestor's overly broad and ambiguous public records request," and 3) that OEPA has provided Hunt with all records responsive to its revised requests. These will be addressed in reverse order.

**Suggestion of Mootness**

**{¶9}** In an action to enforce R.C. 149.43(B) a public office may produce requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. The Special Master finds that the defense of mootness is not conclusively shown on the face of the complaint. Moreover, as the matter is now fully briefed this ground is subsumed

in the arguments to deny the claim on the merits. It is therefore recommended the motion to dismiss on the ground of mootness be denied.

**Ambiguous or Overly Broad Request**

{¶10} First, because Hunt has not challenged OEPA's denial of its August 11, 2020 request, there is no enforcement claim regarding that request and no need for the court to determine whether it was improperly ambiguous or overly broad. However, OEPA argues that the revised requests of October 12, 2020 and March 17, 2021 were fatally contaminated by the overbreadth of the initial request. OEPA cites no statute or case law for this proposition. A revised public records request is considered *sui generis* with respect to its scope and propriety, regardless of whether it supersedes or merely modifies a prior request. If an office believes a revised request remains ambiguous or overly broad, it must deny the new request on that basis and afford the requester an opportunity to correct the defect, or else the defense is waived.

OEPA alleges that Hunt is seeking enforcement of only its initial request:

> Hunt Engineering does not assert error related to its revised requests. *See generally* Complaint. Instead, Hunt Engineering only requests that Ohio EPA produce records pursuant the Initial Request, which was properly denied as overly broad and ambiguous. *Id.*

(Response at 10.) Contrary to OEPA's characterization of Hunt's claim, the complaint alleges that not all records responsive to *the March 2021 request* had been produced, referring to OEPA's representations that more were to come. (Complaint at 4, Exh. K.) Nothing in the context of the parties' correspondence during the production of records suggests that the occasional reference to "the request," singular, refers solely or at all to the August 11, 2020 request, which had clearly been superseded by the revised requests. The final March 17, 2021 request appears to have comprehended much of the October 12, 2020 revised request but expanded the list of communication correspondents, the types of records (adding "all documents" rather than just "emails"), and fund applicants ("any village" rather than just those listed on October 12, 2020). (Compare Complaint

Exhs. B and D.) Therefore, any reference after March 17, 2021 to "the request" apparently refers to this third, concluding request.

{¶11} OEPA contradicts its assertion of a "unified request" by admitting that it retrieved, processed, and disclosed numerous documents in compliance with the two revised requests, one of which was made more than seven months after the initial request. A public office that does not timely deny a request as ambiguous or overly broad and provide the requester with the opportunity to cure that defect has waived the defense of overbreadth in subsequent enforcement litigation. *State ex rel. Summers v. Fox*, 163 Ohio St.3d 217, 2020-Ohio-5585, 169 N.E.3d 625, ¶ 74. OEPA has waived the defense of overbreadth with respect to the revised requests by accepting both without denying either as ambiguous or overly broad. (Complaint, Exhs. C, E, G.) The Special Master recommends the Court deny the motion to dismiss on the ground of overbreadth.

**Failure to State a Claim – Privilege Log and Statutory Explanation**

{¶12} OEPA argues the complaint fails to state a claim upon which relief may be granted regarding Hunt's demand for a privilege log. The complaint states that some of the records produced contain redactions (Complaint at 4.) Significantly, Hunt does not expressly allege that OEPA violated the requirement in R.C. 149.43(B)(1) to "notify the requester of any redaction or make the redaction plainly visible." Further, the implication that OEPA failed to notify Hunt of redactions is directly contradicted by Hunt's extensive listing of records he was provided as containing redactions. (Reply, Exh. B.3.)

{¶13} Hunt likewise did not expressly allege that OEPA failed to provide it "with an explanation, including legal authority, setting forth why the request was denied" as required by R.C. 149.43(B)(3). Instead, Hunt states generally that

> Ohio EPA has failed to provide an explanation for its withholding and redaction of numerous documents and, without said explanation, Hunt Engineering is unable to assess Ohio EPA's asserted privilege claim.

(Complaint at 4-5.) Hunt repeatedly asked OEPA for explanations, but only in the form of privilege logs. (Complaint at 3, Exh. F, Aug. 17, 2021 email.) OEPA correctly notes that

a public office has no obligation to provide a requester with a privilege log in connection with the denial of a public records request, *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 24, although a court may require one in enforcement litigation.

{¶14} Hunt's vague statement that he lacked sufficient explanation "to assess Ohio EPA's asserted privilege claim" is not inconsistent with OEPA's minimal satisfaction of R.C. 149.43(B)(3). The record shows that OEPA promised Hunt that it would provide "the legal authority for any records that were withheld or redacted under exemptions to R.C. 149.43." (Complaint, Exh. B final sentence.) Hunt's allegation that it failed to do so is contradicted by his references to "Ohio EPA's asserted privilege claim" (Complaint at 3 - relating a phone conversation, 5 – OEPA referencing review for attorney-client privilege, and 46.) Hunt acknowledged OEPA's assertion of a second public records exemption when it agreed that some Hunt documents in OEPA's keeping contained infrastructure and security records. (Complaint, Exh. E, June 28, and June 29, 2021 emails.) Finally, OEPA asserted notice of redactions and possibly explanations in its March 4, 2022 letter stating: "Again, as has been the case in prior productions of records to you, any records that were withheld or redacted would be noted in the *cover memorandum enclosed in the production files*." (Emphasis added.) (Response, Exh. 1-B.) The Special Master concludes that some written notice and explanations of withholdings and redaction were made by OEPA that Hunt has not fully documented to the court.

{¶15} Hunt was required to attach to its complaint "copies of the original records request and any written responses or other communications relating to the request from the public office or person responsible for public records." R.C. 2743.75(D)(1). In the absence of copies of the cover memoranda sent with OEPA's responses, or copies of any redacted records, both of which clearly qualify as "written responses or other communications relating to the request," and the lack of any specific challenge to any particular redaction, the court cannot assess whether OEPA satisfied its duty under R.C.

149.43(B)(3) to "provide the requester with an explanation, including legal authority," for any particular redaction or withholding. Even had Hunt cited the statutory requirements for notice of redaction and provision of explanation and legal authority, its failure to document communications with OEPA on this subject means it cannot satisfy its burden of proof for a generalized claim of violation.

{¶16} Hunt's failure to attach all OEPA communications containing content relevant to the redaction and explanations that were provided, and failure to specifically allege any violation based on the elements of R.C. 149.43(B)(3), constitute a failure to assert a claim for which relief may be granted. Civ.R. 12(B)(6). The Special Master recommends the court deny any purported claim that OEPA violated R.C. 149.43(B)(1) or (3) as to notification of redactions or explanation of denials, or any duty to provide Hunt with a privilege log. To be clear, the Special Master cannot find on the state of the evidence that OEPA did provide the information required by R.C. 149.43(B)(1) or (3) but only that Hunt failed to meet its burden of proof for his claim.

### Non-Existent Records

{¶17} "Public records" means records *kept by* a public office. R.C. 149.43(A)(1). A public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. An office may establish by affidavit that all existing records have been provided. *State ex rel. Fant v. Flaherty*, 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992); *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15. The public office must clearly deny the existence of the specifically requested records. *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 56-57.

{¶18} When a public office asserts that it has no additional records in its possession, the burden is on the requester to prove by clear and convincing evidence that the records it requests do exist and are maintained by that office. *State ex rel. Cordell*

*v. Paden*, 156 Ohio St.3d 394 2019-Ohio-1216, 128 N.E.3d 179, ¶ 6, 8. The office's affidavit may be rebutted by evidence showing a genuine issue of fact, but a requester's mere belief based on inference and speculation does not constitute the evidence necessary to establish that a document exists as a record. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 22-26.

{¶19} OEPA states that it produced approximately 43,926 files of documents pursuant to the March 17, 2021 request. (Response, Exh. 1 Kim Aff. at ¶ 4; Reply, Exh. C – List of Files Received.) Just the "email pull" for responsive documents returned over two gigabytes of data to review for identification of responsive records. (Complaint at 3-4, Exh. F, June 2, 2021 Kim to Miller email.) OEPA states that ultimately,

> on March 4, 2022, Ohio EPA provided the remaining responsive documents to Hunt Engineering. Ex. 1, ¶ 3. * * * Because all of the records responsive to the revised requests have been provided to Hunt Engineering, this court should dismiss the complaint as moot.

(Response at 12, Exh. 1 at ¶ 3, Exh. 1-B.) The affidavit explaining the retrieval and production of all existing records shifts the burden of proof to Hunt.

{¶20} Hunt counters vaguely that "[w]hile the Ohio EPA has produced a lot of records that were requested, the Ohio EPA has not produced all of the records requested." (Reply at 2.) To facilitate determination, the Special Master had directed Hunt, in its reply, "to evidence in as much detail as possible what additional records exist in respondent's keeping that are responsive to each request." (June 29, 2022 Order.) In response, Hunt provided no listing of what additional records exist, responsive to which request, and no probative evidence that any such records have been withheld. Hunt makes the bare assertion that email correspondence was not provided from several EPA staff whom he claims, without proof, "were involved in decisions of funding for the list of communities" (*Id.* at 6, 15), and that the email response of an OEPA employee stating that he is "confident" that he "can add no documents germane to the PRR [public records

request]," is a "self-satisfying conclusion [*sic*]" that "does not comply with the records request." (*Id.* at 4, 6-8.) The remaining attachments to the reply, some of which are inscrutably annotated, do not provide persuasive support that additional responsive records exist. (*Id.* at 6, 9-13, 16-22.)

{¶21} The Special Master finds that Hunt has not shown by clear and convincing evidence that additional OEPA records exist responsive to the requests. Accordingly, the Special Master finds that any remaining claim for production of records is moot. This is not an affirmative finding that no such records exist or ever existed, only that Hunt has failed to meet its burden to prove their existence in OEPA's keeping at the time of this request by the requisite quantum of evidence.

**Claim of Untimely Production**

{¶22} The Public Records Act requires that a public office "shall make copies of the requested public record available to the requester * * * within a reasonable period of time." R.C. 149.43(B)(1). Whether a public office has provided records within a reasonable period of time depends upon all the pertinent facts and circumstances of the case. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 11-12. The requester bears the burden of demonstrating that a public office's response was unreasonably delayed. *Id.*

{¶23} OEPA had no obligation to make records available in response to the ambiguous and overly broad request of August 11, 2020, but unreasonably delayed its denial of that request for a period of seven weeks. Further, OEPA provided no records in response to the October 12, 2020 and March 17, 2021 requests that it did accept until approximately three months after each request was made. The requests themselves were admittedly numerous, ambiguous, voluminous, diverse, and required legal review, but the special master finds clear and convincing evidence that at least the initial delays in providing records responsive to the revised requests constituted an unreasonable period of time under the facts and circumstances of this case. See *Shaughnessy v. Cleveland*,

149 Ohio St.3d 612, 2016-Ohio-8447, ¶ 3-23; *Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 21-23. To its credit, OEPA eventually provided an enormous number of responsive records on a rolling basis in the fifteen months between the first non-overly broad request and the filing of the complaint and provided the remainder shortly thereafter. The finding of untimeliness is not inconsistent with commending OEPA's performance once it commenced disclosure.

**Opportunity for Future Revision**

{¶24} While OEPA did not properly deny the revised requests, the Special Master notes that they were ambiguous or overly broad in the multiple and overlapping ways asserted in OEPA's response. Like the August 11, 2020 version, these were discovery-style requests requiring research and judgment calls as to responsive content rather than properly identifying public records. Fortunately, nothing in this report prevents Hunt from making new, properly framed requests for additional records. Under these circumstances, courts have encouraged parties to persevere to achieve a mutually acceptable resolution of currently deficient records requests. The parties' relationship resembles that in *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-20. Hunt has demonstrated a willingness to amend its requests. (Reply at 7-9.) OEPA has endeavored to satisfy requests that it has found sufficiently specific. As in *Morgan*, the parties are encouraged to build on these cooperative efforts to narrow the request on the basis of how OEPA organizes files of the management of the relevant funds, and utilizing statutory tools intended to optimize the scope, speed, format, economy, and delivery of records. *See* R.C. 149.43(B)(2), (3), (5), (6), (7) and (9).

**Conclusion**

{¶25} The Special Master recommends the court dismiss the claim for production of a privilege log for failure to state a claim for which relief may be granted. The Special Master recommends the court find that respondent failed to properly raise the defense of ambiguity or overbreadth as required by R.C. 149.43(B)(2). The Special Master

recommends the court deny the claim for production of records for failure of proof by clear and convincing evidence that additional responsive records exist. The Special Master further recommends the court find that three months between each of requester's revised requests and the first production of records was an unreasonable period of time in violation of R.C. 149.43(B)(1). It is recommended that costs be assessed equally between the parties.

{¶26} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed August 23, 2022**
**Sent to S.C. Reporter 9/8/22**