[Cite as *Mireles v. Veronie*, 2022-Ohio-4038.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| JOSEPH VAN BROCKLIN MIRELES | | C.A. No.    22CA0016-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TRISH VERONIE | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No.    16DR0512 |

DECISION AND JOURNAL ENTRY

Dated: November 14, 2022

HENSAL, Judge.

{¶1} Joseph Van Brocklin Mireles appeals a judgment entry of the Medina County Court of Common Pleas, Domestic Relations Division. For the following reasons, this Court affirms.

I.

{¶2} The parties are the parents of a child who was born while they were married. A Louisiana court presided over their divorce and awarded custody of the child to Mother. In January 2022, the child was visiting Father in Ohio when she reported that Mother's boyfriend had struck her on the leg. Father noticed bruising on the child's thigh and sought medical treatment for her. After a physician discovered evidence of likely sexual assault as well, Father filed a motion for emergency custody in the trial court.

{¶3} Following an ex parte hearing, a magistrate issued an order designating Father as the temporary legal custodian of the child. In its order, the magistrate wrote that the court would immediately communicate with the Louisiana court to determine a period for the duration of the

order and would set a hearing on Father's motion. Before holding the hearing, however, the trial court vacated the magistrate's order. In its judgment entry, the court wrote that it had spoken with the Louisiana court and learned that the court had issued a temporary restraining order prohibiting Mother's boyfriend from having contact with the child. The Louisiana court had also set a hearing to address Father's concerns, had obtained the involvement of the Louisiana Department of Children and Family Services ("DCFS"), and had or would involve local law enforcement. Father has appealed the judgment entry vacating the magistrate's order, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS PURSUANT TO THE UNIFORM CHILD CUSTODY AND ENFORCEMENT ACT AS CODIFIED IN OHIO REVISED CODE 3107.18.

{¶4} In his first assignment of error, Father argues that the trial court violated his due process rights when it vacated the magistrate's order. He argues that the court did not hold a hearing on his motion, give him an opportunity to present additional evidence before ruling on it, or provide a record of its alleged communication with the Louisiana court.

{¶5} Revised Code Section 3127.18(A)(2) provides that an Ohio court has temporary emergency jurisdiction if a child is present in this state and it is necessary to protect the child because she is subject to mistreatment or abuse. If there is a prior child custody order from another state, an order issued by a court in this state "remains in effect until an order is obtained from the other state[.]" R.C. 3127.18(C). In addition, a court that has been asked to make an emergency child custody determination under the statute, "shall immediately communicate with the other court." R.C. 3127.18(D); *see State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, ¶

13-14 (explaining requirements for an Ohio court to exercise temporary emergency jurisdiction under Section 3127.18).

{¶6} Father argues that the trial court failed to comply with Section 3127.09 when it communicated with the Louisiana court. Section 3127.09(B) provides that a court may give the parties the opportunity to participate in its communication with the court of another state. If the parties are not able to participate in the communication, "they shall be given the opportunity to present facts and legal arguments before a decision concerning jurisdiction is made." R.C. 3127.09(B). Subsection (D) also provides that a record shall be made of the communication and the parties "shall be informed promptly of * * * and granted access to the record." According to Father, the trial court did not give him an opportunity to present any facts or legal arguments before it vacated the magistrate's order and it failed to provide him access to the record of its communication with the Louisiana court, if one even exists.

{¶7} Upon review of the record, it appears that the trial court did not comply with Section 3127.09 regarding its communication with the Louisiana court. Father, however, has not established that he was prejudiced by the errors. Civ.R. 61. Under Section 3127.18(C), the magistrate's order could only remain in effect "until an order [was] obtained from the other state[.]" The trial court attached an order by the Louisiana court to its judgment entry vacating the magistrate's order. According to the Louisiana order, the Louisiana court was ruling on an ex parte petition for custody that Father had filed in that state. The order denied the relief Father requested but imposed a temporary restraining order against Mother's boyfriend, ordered the Louisiana DCFS to immediately interview the child, and ordered the parties to follow any recommendations from the agency for additional examinations or interviews by health care or mental health care professionals.

{¶8}     Because the trial court's temporary emergency jurisdiction ended when it obtained an order by the Louisiana court on the same issue, the court's failure to comply with Section 3127.09 did not affect Father's substantial rights. Civ. R. 61. Father's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT JUDGMENT ENTRY VACATING EMERGENCY TEMPORARY JURISDICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9}     In his second assignment of error, Father argues that the trial court should not have vacated the magistrate's order because there were significant concerns about the Louisiana court's ability to protect the child. He appears to argue that the court should have determined that it continued to be "necessary in an emergency to protect the child" despite the order of the Louisiana court and, thus, retained jurisdiction over the issue. R.C. 3127.18(A)(2). According to Father, the trial court's determination that its emergency temporary jurisdiction had ended was against the manifest weight of the evidence. When reviewing a manifest weight challenge,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new [hearing] ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). When conducting this review, an appellate court "must always be mindful of the presumption in favor of the finder of fact." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 21.

{¶10}     At the hearing before the magistrate, Father testified that the Louisiana court awarded custody of the child to Mother, even though Mother's boyfriend had an extensive criminal history, because Mother alleged that she was no longer seeing him. Father, however, subsequently

hired a private investigator who observed that the boyfriend was still at Mother's residence all the time and was, presumably, living there. Father testified that he had even seen the boyfriend in the background while videoconferencing with the child. Father said that he had filed a complaint with Louisiana DCFS but it did not do anything. When he contacted the department about the bruising on the child's leg, it also told him not to do anything. Because an emergency room nurse advised him to take the child for further evaluation, however, he did so and sent a copy of the report to Louisiana DCFS. Father testified that he had not heard from the department since sending the report.

{¶11} Father also testified that his attorney had filed an ex parte petition in Louisiana and that the judge had said during a hearing that he was going to deny the petition. According to Father, the Louisiana court did not see any issues despite reviewing the medical reports documenting the indicia of sexual abuse. Father also alleged that the judge presiding over the Louisiana court had a conflict of interest because of his ties to Mother.

{¶12} Father did not make a copy of the petition that he filed in Louisiana part of the record and he did not indicate the extent of the relief he requested in it. The day after the hearing before the magistrate, the Louisiana court entered an order that denied the relief Father requested. The court did, however, issue a temporary restraining order against the boyfriend, ordered the child to be interviewed by Louisiana DCFS and law enforcement, and ordered the parties to follow any of their recommendations for further examinations or interviews of the child. Upon review of the record, we conclude that the trial court's determination that the Louisiana court order terminated its limited jurisdiction under Section 3127.18 was not against the manifest weight of the evidence. Father's second assignment of error is overruled.

III

{¶13} Father's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

REBECCA A. CLARK, Attorney at Law, for Appellant.

THOMAS L. ERB, JR., Attorney at Law, for Appellee.