[Cite as *Haynes v. Bexley Police Dept.*, **2022-Ohio-4831.**]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| RICHARD R. HAYNES | Case No. 2022-00572PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| BEXLEY POLICE DEPARTMENT | |
| Respondent | |

{¶1} The Ohio Public Records Act (PRA) requires copies of public records to be made available to any person upon request. The state policy underlying the PRA is that open government serves the public interest and our democratic system. *State ex rel. Gannett Satellite Information Network, Inc. v. Petro*, 80 Ohio St.3d 261, 264, 685 N.E.2d 1223 (1997). To that end, the public records statute must be construed liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6. This action is filed under R.C. 2743.75, which provides for an expeditious and economical procedure to enforce the PRA in the Court of Claims.

{¶2} On November 22, 2021, requester Richard Haynes made a public records request to respondent Bexley Police Department ("the PD") seeking copies of all information relevant to "complaint # P126718 run # 21BEX-5429.of." (Complaint at 4-5.) On February 14, 2022, the PD sent Haynes an email with responsive records attached. (*Id.* at 6.) On May 3, 2022, Haynes filed a follow-up request with the PD complaining that he had not yet received all requested records. (*Id.* at 8-10.) On May 25, 2022, the PD advised Haynes: "Your request has been fulfilled. The other items you previously requested are still available for pick-up. (*Id.* at 7.)

{¶3} On July 27, 2022, Haynes filed a complaint under R.C. 2743.75 alleging denial of timely access to public records. Following mediation, the PD filed a response and

motion to dismiss (Response) on November 30, 2022. On December 7, 2022, Haynes filed a reply.

**Burden of Proof**

{¶4} The requester in an action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). The requester bears an initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33.

**Motion to Dismiss**

{¶5} To dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10.

{¶6} The PD does not dispute that Haynes reasonably identified the records he sought but moves to dismiss the complaint on the ground that it has produced all requested records that exist. (Response at 2.) On review, the Special Master finds that mootness is not conclusively shown on the face of the complaint. Moreover, as the matter is now fully briefed this defense is subsumed in the arguments to deny the claim on the merits. It is therefore recommended the motion to dismiss be denied.

**Suggestion of Mootness**

{¶7} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. The PD attests that it has now provided Morrison with the public records responsive to his request. (Response at 2, Nguyen Aff. at ¶ 4-8.) Haynes states

that "the most important piece of information being demanded," a November 21, 2021 bodycam video, was not provided to him until October 13, 2022. (Reply at 1.) Although he disputes when he was notified that records were available for him to pick up, including the body cam video, Haynes does not expressly deny that he has now received all the records he requested. (Reply, *passim*.)

{**¶8**} Even assuming, arguendo, that Haynes believes additional responsive records exist, he has not met his burden to prove so as a matter of fact by clear and convincing evidence. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8. The Special Master accordingly finds that Haynes' claim for production of records is moot.[1]

**Timeliness**

{**¶9**} Independent of the claim for production, Haynes' claim that the PD was untimely in producing the documents is not moot. "[A] separate claim based on the untimeliness of the response persists unless copies of all required records were made available 'within a reasonable period of time.' R.C. 149.43(B)(1)." *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 19.

{**¶10**} "The primary duty of a public office when it has received a public-records request is to promptly provide any responsive records within a reasonable amount of time and when a records request is denied, to inform the requester of that denial and provide the reasons for that denial. R.C. 149.43(B)(1) and (3)." *Cordell v. Paden,* 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 11. Offices have a statutory duty to "organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with [R.C. 149.43(B)]." R.C. 149.43(B)(2). Whether a public office has provided records within a "reasonable period of time" depends upon all the pertinent facts and circumstances of the case. *Cordell* at ¶ 12.

---

[1] The PD asserts, but does not attest, that no further records exist responsive to the request. (Response at 2, Nguyen Aff. *passim*.) As the recommendation as to mootness is based only on Haynes' failure to prove the existence of additional records by clear and convincing evidence, this determination would not preclude Haynes from making new public records requests for any additional records of the PD that do actually exist.

{¶11} Haynes asserts that the PD slowly provided records over a seven-month period following the November 22, 2021 request. (Complaint at 2.) In support, he attached only a PD email of February 14, 2022 to which responsive records were attached. (*Id.* at 6.) Haynes asserts that the final record, a bodycam video recording, was not provided until October 13, 2022, eleven months after the initial request was made:

> Requester demanded this video many times over the next 11 months and was repeatedly told by representatives of the Bexley Pd that the video did not exist. The Email stating this from Yvette Nguyen .executive assistant, Bexley PD on March 25 2022 is in the court records. This video was not made available to the Requester until Oct 13 2022 at the start of the first mediation hearing. From Nov 2021 to Oct 2022 the respondent had lied to the requester about the existence of the video and now it conveniently became available.

(Reply at 1-2.) However, there is no email authored by Ms. Nguyen in the court records stating that the November 21, 2021 bodycam video did not exist. To the contrary, her email of May 25, 2022 states only: "Your request has been fulfilled. The other items you previously requested are still available for pick-up." (Complaint at 7.)

{¶12} The PD attests that in December 2021, March 2022, and May 2022 it informed Haynes that "the records, including video, were available for him to pick up." (Response at 2, Nguyen Aff. at ¶ 5-6.) The PD asserts that it notified Haynes on December 17, 2021 that a copy of the requested bodycam video was available for him to pick up. (*Id.* at 2.) Unfortunately, the parties have both failed to provide the court with copies of all referenced communications or sworn testimony as to specific dates on which specific records were provided or made available for pick-up. In the absence of clear supporting evidence from either party to resolve this issue, the Special Master must find that Haynes has failed to meet his burden to show by clear and convincing evidence that he was denied access to the bodycam video after December 17, 2021.

{¶13} The remaining, undisputed evidence before the court shows that the PD's provision of responsive records took place between its notification of the availability of some records for pickup on December 17, 2021 (Response at 2) and its delivery of investigation narratives via email on February 14, 2022. (Complaint at 6.) The PD does not assert that any of the records required redaction or offer any other excuse for the delay in production. See *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Corr.*, 10th

Dist. Franklin No. 08AP-21, 2009-Ohio-442, ¶ 10, 36; *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 31-33. The twenty-five-day period before any records were produced, and the three months before final production was completed, were well beyond a "reasonable period of time" to locate, copy, and deliver the misdemeanor case records. See generally *State ex rel. Ware v. Bureau of Sentence Computation*, 10th Dist. Franklin No. 21-AP-419, 2022-Ohio-3562, ¶ 2, 16-17 and cases cited therein. Even where unusual events impact response processes, such as the Covid-19 pandemic, public offices must comply with the duty to provide records within a reasonable period of time. *State ex rel. Schumann v. Cleveland*, 8th Dist. Cuyahoga No. 109776, 2020-Ohio-4920, ¶ 8-9; See *State ex rel. Ware v. Akron*, 164 Ohio St.3d 557, 2021-Ohio-624, 174 N.E.3d 724, ¶ 5, 18 (illness of employee and cyber disruption of city's e-mail).

{¶14} On the facts and circumstances before the court, the Special Master finds by clear and convincing evidence that the PD's delay of three months between receiving the request and providing the responsive records constitutes a failure to make copies of records available within a reasonable period of time, in violation of R.C. 149.43(B)(1).

**Conclusion**

{¶15} Upon consideration of the pleadings and attachments the Special Master recommends the court find that requester's claim for production of records is moot. The Special Master further recommends the court find that respondent failed to produce the records within a reasonable period of time. It is recommended requester be entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that were incurred by requester, and that court costs be assessed to respondent.

{¶16} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFF CLARK
Special Master

**Filed December 13, 2022**
**Sent to S.C. Reporter 1/9/23**